**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SOOKBOX DEVELOPMENT LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**LEGRAND NORTH AMERICA, LLC,**<br><br>   Defendant. | **CIVIL ACTION NO 6:17-cv-157**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Sookbox Development LLC makes the following allegations against Legrand North America, LLC.

### PARTIES

2. Plaintiff Sookbox Development LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 321 E Erwin, Tyler, TX 75702.

3. On information and belief, Legrand North America, LLC ("Defendant" or "Vantage") is a limited liability company organized and existing under the laws of the United States of America with its principal place business at 60 Woodlawn Street, West Hartford, CT 06110.

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,503,486

7. Plaintiff is the owner of United States Patent No. 9,503,486 ("the '486 patent") entitled "Configuring, Networking, and Controlling a Plurality of Unique Network-Capable Devices." The '486 Patent issued on November 22, 2016. A true and correct copy of the '486 Patent is attached as Exhibit A.

8. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '486 patent. The '486 patent provides, among other things, " An input/output processing system, comprising: a content control application executing on a mobile control device for configuring a content control session based on interpretation of user actions recorded by a user interface that is native to the mobile control device, wherein the content control session is configured with a content input/output application selected through the user interface, wherein the content input/output application is associated with a peripheral; a host content control application that is adapted to aggregate a plurality of real-world input/output processing nodes into a set of processing nodes for collectively executing the content input/output application; a plurality of functions that collectively determine the operation of the input/output application; a plurality of different types of input/output devices connected individually to distinct processing nodes in the set of processing nodes; and an application instantiation facility for identifying the set of processing nodes and for instantiating each function of the plurality of functions on distinct processing nodes in the set of processing nodes, wherein input/output requirements of each function of the plurality of functions is used to determine into which processing node the function is instantiated based on a class parameter of the distinct processing nodes."

9. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '486 patent, including at least Claim 9, in this district and elsewhere in the United States. Particularly, the Defendant's Vantage App for Apple iOS ("Vantage App") and associated services provides an input/output processing system. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '486 patent pursuant to 35 U.S.C. § 271.

10. Based on present information and belief, there is a mobile content control application (the Vantage App) on a mobile device that configures content control based on user inputs native to the mobile device, i.e., a mobile application instead of a mobile website. Control devices refer to a node with IO peripherals allowing users to view a controller user interface and input controls. This may include, but is not limited to, a smart-phone, tablet computer, laptop computer, or personal computer, etc.

11. Based on present information and belief, the Vantage App is used to control content is selected through the user interface for the phone.

12. Based on information and belief, the content input/output application is associated with the peripherals on the mobile device. Input/output ("IO") peripheral refers to a piece of hardware able to be manipulated by a node, and allowing a user to input to or receive output from the node.

13. Based on present information and belief, the Vantage App comprises a host content control application that is adapted to aggregate a multitude of real-world input/output processing nodes into a set of processing nodes for collectively executing the content input/output application.

14. Based on present information and belief, multiple functions collectively determine the operation of the input/output application.

15. Based on present information and belief, each of the input/output devices can be controlled individually.

16. Based on present information and belief, the Vantage App has an application instantiation facility for identifying the set of processing nodes and for instantiating each function of the plurality of functions on distinct processing nodes in the set of processing nodes.

17. Based on present information and belief, the input/output requirements of each function of the plurality of functions is used to determine into which processing node the function is instantiated based on a class parameter of the distinct processing nodes.

18. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

19. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

20. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '486 Patent complied with all marking requirements under 35 U.S.C. § 287.

21. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '486 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '486 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

                                      Respectfully Submitted,

                                      **SOOKBOX DEVELOPMENT LLC**

                                      */s/ Papool S. Chaudhari*

Dated:  March 10, 2017         By:  _____
                                      Papool S. Chaudhari
                                      Texas State Bar No. 24076978
                                      Chaudhari Law, PLLC
                                      P.O. Box 1863
                                      Wylie, Texas 75098
                                      Phone: (214) 702-1150
                                      Fax: (214) 705-3775
                                      Papool@ChaudhariLaw.com

                                      **ATTORNEY FOR PLAINTIFF**
                                      **SOOKBOX DEVELOPMENT LLC**